IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL LITTLE,                )
                               )
    Plaintiff,             )
                               )
  v.                           )   Civil Action No. 17-64-E
                               )
                               )
NANCY A. BERRYHILL, ACTING     )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
    Defendant.             )

O R D E R

AND NOW, this 20th day of March, 2018, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 13), filed in the above-captioned matter on September 11, 2017,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 11), filed in the above-captioned matter on August 10, 2017,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that is seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

On September 5, 2012, Plaintiff Michael Little protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq.

Specifically, Plaintiff claimed that he became disabled on August 13, 2012, due to back problems, knee and hip problems, depression, anxiety, and trouble concentrating. (R. 126-27, 155).

After being denied initially on December 7, 2012, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on September 26, 2013. (R. 42-59, 80-84). In a decision dated November 1, 2013, the ALJ denied Plaintiff's request for benefits. (R. 16-34). The Appeals Council declined to review the ALJ's decision on February 13, 2015. (R. 1-5).

Plaintiff filed a complaint in this Court objecting to the final decision of the Commissioner, and the Court remanded Plaintiff's claim for further evaluation due to an inaudible portion of the hearing transcript. On remand, on November 29, 2016, a new hearing was held before a different ALJ. (R. 406-39). On December 30, 2016, the ALJ again denied Plaintiff's request for benefits. (R. 387-405). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.  Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence— particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is

suffering from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 404.1520(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity during the period from his alleged onset date of August 13, 2012 through his date last insured of December 31, 2016. (R. 392). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, specifically, bipolar disorder, panic disorder, generalized anxiety disorder, a history of substance abuse, and the residual effects of a motor vehicle accident. (R. 392). The ALJ further concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 393).

The ALJ next found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he is limited to the performance of only routine, repetitive tasks with only occasional judgment, decision-making and workplace changes; is limited to occasional interaction with the public, coworkers and supervisors; and cannot work in temperature extremes or in extremes of humidity or dampness. (R. 394). At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work, and he moved on to Step Five. (R. 398). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as routing clerk, marker, and cleaner/housekeeper. (R. 399). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 399-400).

### IV. Legal Analysis

Plaintiff raises several arguments as to why he believes that the ALJ erred in finding him to be not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff,

5

it does agree that remand is warranted in this case. Specifically, because the Court finds that the ALJ did not adequately explain the reasoning underlying his evaluation of Plaintiff's statements about the intensity, persistence, and limiting effects of the symptoms related to his mental impairments—an evaluation upon which the ALJ relied in formulating his RFC—the Court cannot find that Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. § 404.1545(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

In the case at bar, the ALJ determined that, after considering all of the evidence, Plaintiff's "medically determinable impairments could reasonably be expected to produce the . . . alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and

other evidence in the record for the reasons explained in this decision." (R. 395). The ALJ continued, "Accordingly, these statements have been found to affect [Plaintiff's] ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." (R. 395). It is unclear to the Court, however, how the ALJ reached his conclusions regarding Plaintiff's statements about his symptoms of his mental impairments and the likelihood of those symptoms reducing his ability to perform work-related activities, and how the ALJ subsequently relied on those conclusions in formulating Plaintiff's RFC.

With regard to evaluating an individual's statements about his or her symptoms, Social Security Ruling 16-3p provides that "if an individual's statements about the intensity, persistence, and limiting effects of symptoms are inconsistent with the objective medical evidence and the other evidence, we will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities." SSR 16-3p, 2017 WL 5180304, at *8 (October 25, 2017). The ruling also states that the Social Security Administration "may or may not find an individual's symptoms and related limitations consistent with the evidence in his or her record," and "will evaluate an individual's symptoms considering all the evidence in his or her record." Id.

As to Plaintiff's statements regarding the symptoms of his mental impairments, the ALJ explained that, at his hearing, Plaintiff testified that he had significant problems with anxiety and panic attacks, and he also admitted to having problems with medication compliance.[1] (R. 395). The ALJ then reviewed Plaintiff's mental health treatment records, discussed his professed

---

[1] The Court further notes that, at the hearing, Plaintiff also explained that sometimes he felt he had improved and no longer needed his medications, or he did not like the side effects, or he simply had difficulty remembering to take his medications. (R. 49, 412-13, 422). Plaintiff's case manager, whose testimony the ALJ gave "some" weight in his decision, also testified that one of her duties is helping Plaintiff to remember to take his medications. (R. 425-26).

symptoms, and repeatedly noted the times when the record indicated that Plaintiff had not been taking his medications regularly, along with the times when the record noted that Plaintiff's physicians had reminded him of the importance of taking his medications as prescribed. (R. 395-96). The ALJ also made clear in his discussion that the record appeared to indicate that often when Plaintiff was not compliant with taking his medications, his symptoms worsened, but when he was compliant, his symptoms often appeared generally to improve. (R. 395-96).

Likewise, in his discussion of the opinion evidence, the ALJ emphasized Plaintiff's repeated failure to take his medications as prescribed. First, the ALJ explained that he was giving the treating physician's opinion "some" weight because it was consistent with the substantial evidence of record, including Plaintiff's "psychiatric treatment notes, which continuously show that, despite the continued emphasis on the importance of medication compliance, [Plaintiff] repeatedly failed to take his medications as directed." (R. 397). Similarly, the ALJ gave the opinion of the state agency reviewing psychologist "some" weight as well "because, in spite of the claimant's past noncompliance with medication and treatment, his medical records clearly document significant improvement with treatment and the appropriate medications." (R. 397).

The ALJ then concluded, based on his discussion of the evidence, that Plaintiff's statements regarding the severity of his symptoms "are without substantial support from the objective medical evidence." (R. 398). By way of further explanation, the ALJ stated that Plaintiff's "mental health notes demonstrate that [Plaintiff's] psychiatric symptoms are much better controlled when he complies with his medication prescriptions." (R. 398).

The Court notes that SSR 16-3p specifically provides that the Social Security Administration "will explain which of an individual's symptoms we found consistent or

inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions." 2017 WL 5180304, at *8.

Here, the ALJ found Plaintiff's statements regarding his symptoms and related limitations to be inconsistent with the objective medical evidence and other evidence of record. After reviewing the ALJ's decision, however, it is unclear to the Court which of Plaintiff's statements the ALJ found to be inconsistent with the evidence of record and to what extent he found them to be inconsistent. Moreover, it is unclear to the Court how Plaintiff's statements regarding his symptoms conflict with the medical evidence of record, which, as the ALJ stressed, showed that his medications often helped his symptoms, but that he has also had problems taking those medications as prescribed, resulting in worsening symptoms. Moreover, judging from his analysis, the ALJ appears to have placed great importance on Plaintiff's repeated failure to take his medications regularly, but it is unclear, under the facts of this particular case, how that failure to take his medications is inconsistent with Plaintiff's statements regarding his symptoms. Plaintiff has admittedly had problems complying with his medication regimen, and the medical records document his poor compliance as well as his symptoms appearing to worsen when he is non-compliant. Plaintiff's testimony in this regard thus appears to be consistent with the objective medical evidence, as summarized by the ALJ, which emphasizes his poor compliance. Quite simply, the ALJ's decision has failed to make clear to the Court how he determined that Plaintiff's statements regarding his symptoms are inconsistent with the evidence of record, thereby rendering his symptoms "less likely to reduce his . . . capacities to perform work-related activities."[2] SSR 16-3p, at *8.

---

[2] The Court notes that the ALJ did not specifically engage in an analysis under 20 C.F.R. § 404.1530, or find that Plaintiff would otherwise be disabled but for his non-compliance with his prescribed treatment.

Therefore, the Court finds that the ALJ's conclusion, that Plaintiff's statements regarding his symptoms are inconsistent with the objective medical evidence, lacks adequate explanation of which symptoms are inconsistent with the evidence and how his evaluation of those symptoms led to his conclusion. While the ALJ is certainly permitted to find Plaintiff's statements regarding the symptoms of his mental impairments to be inconsistent with the other evidence of record, the Court finds that the ALJ's explanation of, and justification for, his findings is simply unclear and lacking in sufficient specificity in this particular case.

Because the ALJ's unclear explanation of his findings regarding Plaintiff's symptoms calls into question the appropriateness of those findings, the RFC formulated by the ALJ, which relied on those findings is, therefore, not supported by substantial evidence. Thus, remand is required to allow for further discussion as to the ALJ's evaluation of Plaintiff's statements regarding the symptoms of his mental impairments, as well as his corresponding formulation of Plaintiff's RFC.

Additionally, although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the various opinion and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are fully explained, in order to eliminate the need for any future remand.

**V.    Conclusion**

In sum, the ALJ failed to provide an adequate explanation for his evaluation of Plaintiff's statements about his symptoms of his mental impairments, which found them to be inconsistent with the objective medical evidence and other evidence in the record. Because the ALJ did not sufficiently explain which symptoms he found to be inconsistent with such evidence, and how his evaluation of Plaintiff's symptoms led to his conclusion that they are less likely limit his

ability to work—findings that the ALJ relied upon in ultimately determining Plaintiff's RFC—the Court finds that substantial evidence does not support the ALJ's decision in this case. Accordingly, the Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of record